UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL VARIO, | CASE NO. C16-1900 RSM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, | |
| Defendant, | |
| and | |
| FIRST NATIONAL INSURANCE COMPANY, | |
| INTERVENOR. | |

## I. INTRODUCTION

This matter comes before the Court upon Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") Motion for Partial Summary Judgment. Dkt. #16. Plaintiff Michael Vario sued Allstate after his claim for underinsured motorist ("UIM") benefits was denied. *See* Dkt. #1, Ex. A ¶¶ 12-23. Mr. Vario submitted this claim following his involvement in a three-

car accident in which one driver was underinsured. Following the accident, Mr. Vario sued, and eventually settled, his claims against the underinsured driver and the insured driver. Given those settlements, Allstate now asks the Court to determine if it can reduce its potential UIM coverage liability by both settlement amounts. Because Mr. Vario will ask a jury to apportion fault for the accident between the underinsured motorist and the insured driver, Mr. Vario contends Allstate can only reduce its UIM coverage liability by the amount the underinsured driver, but not the insured driver, paid to settle. Considering the text and purpose of Washington State's UIM statute, along with Allstate's UIM policy, the Court agrees Allstate cannot reduce its potential UIM coverage by the insured driver's settlement amount. For the reasons stated herein, Allstate's Motion for Partial Summary Judgment is DENIED.

## II. BACKGROUND

On May 12, 2014, Mr. Vario was involved in a three-car accident on Interstate 5 in Whatcom County. Dkt. #1, Ex. A at ¶¶ 1, 9-11. At the time, Mr. Vario was a passenger in his co-worker's car. *Id*. ¶ 3. The two other drivers involved in the accident were Douglas McAcy and Homadokht Fattahi. *Id*. ¶¶ 2, 9-10. Mr. Vario alleges the car he was in was struck by McAcy's car, after Mr. McAcy swerved to avoid hitting Ms. Fattahi's car. *Id*. ¶¶ 9-11. Mr. Vario was injured in the collision. *Id*. ¶ 14. After the accident, Mr. Vario sued Mr. McAcy and Ms. Fattahi. *Id*. ¶¶ 14, 16. Ms. Fattahi's liability insurance policy limit was $3 million dollars; Mr. McAcy's liability insurance policy limit was $50,000. *Id*. ¶¶ 17-18. Mr. McAcy and Ms. Fattahi denied liability. *Id*. ¶ 16.

In June 2015, because Mr. Vario's co-worker's UIM policy includes passengers as "covered person[s]," and because Mr. McAcy's liability insurance policy limit was less than the damages Mr. Vario claims Mr. McAcy caused him, Mr. Vario filed a UIM claim with Allstate

for the damages caused by Mr. McAcy. *Id.* ¶¶ 12-14. In July 2015, Allstate denied Mr. Vario's UIM claim. *Id.* ¶ 15.

In June 2016, Mr. McAcy offered to settle with Mr. Vario for $50,000. *Id.* ¶ 16. Mr. Vario informed Allstate of Mr. McAcy's offer, and allowed Allstate an opportunity to buy out Mr. Vario's claim against Mr. McAcy. *Id.* ¶ 17. Allstate declined, and Mr. Vario settled with Mr. McAcy for $50,000. *Id.* Mr. Vario eventually also settled his claim against Ms. Fattahi for $245,000. Dkts. #16 at 4 and #19 at 2.

After Mr. Vario settled with Mr. McAcy and Ms. Fattahi, Allstate continued to deny Mr. Vario's UIM claim. In November 2016, Mr. Vario sued Allstate in the Superior Court of Washington for Whatcom County. *See* Dkt. #1, Ex. A at 1. In his Complaint, Mr. Vario alleges Allstate's denial of his UIM claim violates several provisions of the Washington Administrative Code and Washington State's Insurance Fair Conduct Act. *Id.* ¶¶ 15, 18-23. Allstate removed Mr. Vario's suit to this Court on December 13, 2016.

### III. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). When ruling on summary judgment, courts do not weigh evidence to determine the truth of the matter, but "only determine whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Fed. Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994)).

Allstate contends, and Mr. Vario does not dispute, the question before the Court solely involves a question of law. *See* Dkts. #16 at 7, #19, and #22 at 2. Under Washington State law, the Court is to construe Allstate's UIM policy as a contract. *Nordstrom, Inc. v. Chubb & Son,*

*Inc.*, 54 F.3d 1424, 1429 (9th Cir. 1995). This means Allstate's UIM policy is "to 'be given a fair, reasonable, and sensible construction,' that comports with how the average purchaser of insurance would view the policy." *Id.* (quoting *Grange Ins. Co. v. Brosseau*, 776 P.2d 123, 125 (Wash. 1989)).

## IV. DISCUSSION

Allstate asks the Court to determine if its UIM policy allows it to reduce its potential UIM liability by the settlement amounts Mr. Vario received from Ms. Fattahi and Mr. McAcy. Dkt. #16 at 6. According to Allstate, Washington State's UIM statute, its own UIM policy language, and a recent decision in this district allow it to set off Ms. Fattahi's settlement amount. *Id.* at 7. In response, Mr. Vario concedes Allstate may reduce its UIM liability by Mr. McAcy's settlement amount, but disagrees that Allstate can set off the amount Ms. Fattahi paid to settle Mr. Vario's suit against her. Dkt. #19 at 2. To support his position, Mr. Vario relies on the Washington State Supreme Court decision in *Allstate Insurance Co. v. Batacan*, 986 P.2d 823 (Wash. 1999). The Court considers each argument in turn.

> **1. Under Washington State's UIM Statute, Ms. Fattahi's Liability Insurance Coverage is Not "Applicable" to Damages Mr. Vario Can Legally Recover from Mr. McAcy.**

Allstate cannot reduce its UIM coverage by the amount Ms. Fattahi's liability insurer paid to settle Mr. Vario's claims because, under Washington State's UIM statute, Ms. Fattahi's liability policy is not an "applicable" liability policy. *See* WASH. REV. CODE. § 48.22.030(1). Washington State's UIM statute requires UIM carriers to pay a claimant's "applicable" damages, or UIM limits, whichever is less, minus "the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies *applicable* to a covered person after an accident." WASH. REV. CODE § 48.22.030(1) (emphasis added); *Allstate Ins. Co. v. Dejbod*, 818 P.2d 608, 611 (Wash. App. 1991). Damages are "applicable" if a UIM claimant is legally entitled

to recover those damages. *Dejbod*, 818 P.2d at 611. Likewise, a liability policy is "applicable" if the person insured by the liability policy is liable to the UIM claimant. *Id*. at 612. In other words, whether a UIM insurer can subtract a liability policy from a claimant's "applicable" damages "depends on whether the claimant, if he or she diligently pursued the claim against the liability insured to final adjudication, could legally require the liability insurer to pay." *Id*. However, the settlement of a claim by a liability insurer does not "establish that the carrier's insured is liable to the claimant, or that the insured's liability policy is 'applicable' to the claimant within the meaning of RCW 48.22.030(1)." *Id*.

Here, because Ms. Fattahi's insurer settled prior to trial, there has been no determination regarding the amount Mr. Vario could legally have required Ms. Fattahi's liability insurer to pay him had he diligently pursued his claims "to final adjudication." *See id*. at 612 ("The fact that a liability carrier voluntarily settles with or pays an injured claimant does not, without more, establish that the carrier's insured is liable to the claimant, or that the insured's liability policy is 'applicable' to the claimant within the meaning of RCW 48.22.030(1)."). Instead, Mr. Vario asserts he will ask the jury to make this determination when he asks them to apportion fault for his damages between Ms. Fattahi and Mr. McAcy. *See* Dkt. #19 at 2, 6.

However, even if Ms. Fattahi's liability policy is "applicable" within the meaning of Washington State's UIM statute, the extent to which it is "applicable" does not extend to cover damages Mr. McAcy is liable for. In *Allstate Insurance Co. v. Dejbod*, 818 P.2d 608 (Wash. App. 1991), a Washington Court of Appeals explained, and the Washington State Supreme Court later confirmed in *Batacan*, that where there are two tortfeasors and one claimant, the extent to which a liability insurer's policy is "applicable" depends on whether the tortfeasors' liability is joint and several, or merely several. 818 P.2d at 615-16; 986 P.2d at 828. If the tortfeasors' liability is joint and several, both of their liability policies are legally available to a claimant; in

other words, both policies are available to pay for damages attributable to both liable parties. *Id*. However, if the tortfeasors are severally liable, each of their policies will again be legally available to a claimant, but each policy is only applicable, "to the extent of the liability of the person it insures, not exceeding liability limits." *Id*. at 616. Here, because Mr. Vario settled his claims against Ms. Fattahi and Mr. McAcy, Ms. Fattahi and Mr. McAcy can no longer be adjudged jointly and severally liable for Mr. Vario's damages. *See*, *e.g.*, *Batacan*, 986 P.2d at 826-27 ("Joint and several liability under our statutory scheme is a term of art which requires an actual judgment against both tortfeasors.") (internal citation omitted); *also In re Doyle*, 966 P.2d 1279, 1281 (Wash. App. 1998) ("While the trier of fact may attribute fault to settling, released defendants, such defendants cannot have judgment entered against them within the meaning of RCW 4.22.070(1)). Thus released defendants are not jointly and severally liable."). Consequently, Washington State's UIM statute does not allow Allstate to reduce its UIM liability (for damages attributable to Mr. McAcy) by the amount paid by Ms. Fattahi's liability insurer.

Allstate's arguments to the contrary are not persuasive. Allstate contends its UIM policy language is "consistent with and supported by Washington law and the public policy behind UIM insurance." Dkt. #16 at 8. In support of this argument Allstate cites to cases stating UIM coverage applies after a liability carrier legally responsible for a claimant's damages meets their obligation under an applicable liability policy. *Id*. at 8 (citing *Hamilton v. Farmers Ins. Co.*, 733 P.2d 213 (Wash. 1987)). Citing to these cases, Allstate reasons that not allowing it to subtract Ms. Fattahi's settlement amount will result in a "windfall" to Mr. Vario, and will undermine the purpose of UIM coverage which is meant to "'float' on top of any recovery from other sources, up to the total value of [an insured's] injuries." *Id*. at 8-11 (quoting *Elovich v. Nationwide Ins. Co.*, 707 P.2d 1319 (Wash. 1985)). This argument is unavailing.

The Court is not convinced that not allowing Allstate to subtract Ms. Fattahi's settlement amount contradicts the stated purposes and text of Washington State's UIM statute. On the contrary, adopting Allstate's position would be in direct opposition to the text and purpose of Washington State's UIM statute, as it would erroneously allow UIM insurers to subtract any damages a claimant recovers from a liability insurer. However, as explained by the *Dejbod* court, under the UIM statute, UIM insurers are only liable for damages a claimant is legally entitled to recover, and thus a UIM insurer can only subtract those amounts which an "applicable" liability insurer paid for its share of a liability. 818 P.2d at 611-12. Consequently, where two tortfeasors are severally liable for a UIM claimant's damages, the liability insurer of each tortfeasor is only liable for the damages attributable to its own insured. In other words, the liability insurer's coverage is only "applicable," for purposes of determining coverage under the UIM statute, to the "applicable" damages caused by its own insured. Given this understanding of the UIM statute, Allstate's concern of a potential "double recovery" for Mr. Vario is without merit, as Allstate will only be responsible for the amount of "applicable" damages Mr. McAcy's liability insurer does not cover.[1]

**2. Allstate's UIM Policy Does Not Allow It to Set Off Ms. Fattahi's Settlement.**

The Court is also not convinced Allstate's UIM policy language allows it to set off the amount paid by Ms. Fattahi's liability insurer. Allstate contends the following language in the "Limits of Liability" section of its UIM policy allow it to set off the amount Mr. Vario received from Ms. Fattahi's liability insurer:

> In order to determine the amount of damages payable, the total damages an insured person is legally entitled to recover **will be reduced by**:

---

[1] Notably, this outcome does not undermine the purpose of UIM coverage, as Allstate's UIM coverage will "float" on top of any amount Mr. McAcy's liability insurer does not cover.

1. all amounts paid by the owner or operator of an underinsured motor vehicle **or anyone else responsible**. This includes all sums paid under the bodily injury liability coverage or property damage liability coverage of this or any other auto policy.

Dkt. #18, Ex. A at 10 (emphasis added). According to Allstate, the "or anyone else responsible" language in this clause includes amounts UIM claimants recover from parties not legally responsible for damages attributable to an underinsured driver. *See* Dkt. #16 at 8. The Court does not agree with this interpretation.

While Allstate focuses on the "Limits of Liability" section of its UIM policy, it fails to acknowledge the UIM policy's incorporation of Washington State's UIM statutory standard. *See* Dkt. #18, Ex. A at 8. Referencing the language of Revised Code of Washington section 48.22.030(2), Allstate's UIM policy explains it will "pay damages which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by an insured person." *Id*. Given the stated purpose of Allstate's UIM coverage, it is hard to believe the "anyone else" referred to in the "Limits of Liability" clause refers to anyone other than someone legally responsible for an underinsured individual's damages. A result to the contrary is inconsistent with the text and purpose of Washington State's UIM statute, as it creates potential for a scenario where Mr. Vario is left without sufficient coverage for the damages attributable to Mr. McAcy.[2]

Allstate's reliance on *Krantz v. Allstate Property and Casualty Insurance Co.*, No. C12-5848 RBL, 2014 WL 2558679 (W.D. Wash. June 6, 2014), ("*Krantz I*"), to convince the Court

---

[2] For example, if a jury determines Ms. Fattahi and Mr. McAcy are each fifty percent at fault for $600,000 in damages, under Washington State law Mr. Vario may legally recover $300,000 from Mr. McAcy. However, if Allstate's approach is followed, its UIM policy allows it to set off a total of $295,000 ($245,000 settlement from Ms. Fattahi + $50,000 settlement from Mr. McAcy). Consequently, despite Mr. Vario legal entitlement to $300,000 from Mr. McAcy, Allstate would only have to pay $5,000 ($300,000 - $295,000). Mr. Vario would thus only recover a total of $55,000 from Mr. McAcy, even though he is legally entitled to recover $300,000 and Allstate's UIM policy limit is $100,000.

otherwise is unavailing. Mr. Vario's case is distinguishable from *Krantz I*. In *Krantz I*, because no liability issues were determined at trial, the court allowed the UIM insurer to set off the amount the UIM claimant received from a global settlement fund. 2014 WL 2558679 at *1. Here, unlike in *Krantz I*, Mr. Vario will not only ask the jury to determine the total damages he may legally recover, he will also ask the jury to apportion fault between Ms. Fattahi and Mr. McAcy.

The Court also disagrees the Washington State Supreme Court decision in *Batacan* does not support Mr. Vario's position. In *Batacan*, the Washington Supreme Court held a UIM insurer could not set off an insured tortfeasor's liability policy against the damages attributable to an uninsured tortfeasor where the tortfeasors were not adjudged jointly and severally liable for the UIM claimant's damages. 986 P.2d at 826-29. Allstate contends *Batacan* is not applicable because the UIM policy language in *Batacan* is "materially different" from the language in the UIM policy at issue here. Dkt. #16 at 12-13. To support this assertion Allstate cites *Krantz v. Allstate Property and Casualty Insurance Co.*, No. 14-35628, 2017 WL 1046121 (9th Cir. March 20, 2017) (*"Krantz II"*). In *Krantz II*, an unpublished memorandum opinion, the Ninth Circuit stated that language in an Allstate policy that allowed Allstate to set off "all amounts paid by the owner or operator of an underinsured motor vehicle or anyone else responsible," is "materially different" from the language in the *Batacan* UIM policy. 2017 WL 1046121 at *1. Because the policy in *Krantz* is not before the Court, it cannot opine on the extent to which the Ninth Circuit's interpretation of the UIM policy in *Krantz* applies to Mr. Vario's UIM policy. However, the Court notes that Mr. Vario's UIM policy, like the UIM policy in *Batacan*, incorporates a UIM statutory standard that requires Allstate to pay damages Mr. Vario is "legally entitled to recover as damages from the owner or operator of an underinsured motor vehicle." *Compare* Dkt. #18, Ex. A at 8, *with* WASH. REV. CODE. § 48.22.030(2). In this respect the *Batacan* UIM policy and Mr. Vario's UIM policy are not materially different.

In summary, Washington State's UIM statute and Allstate's UIM policy do not allow Allstate to reduce its UIM coverage by the settlement amount Mr. Vario received from Ms. Fattahi's liability insurer.

**CONCLUSION**

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby DENIES Allstate's Motion for Partial Summary Judgment (Dkt. #16).

DATED this 16th day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE