UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL VARIO,

Plaintiff,

v.

FIRST NATIONAL INSURANCE COMPANY,

Defendant.

CASE NO. C16-1900RSM

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL FRCP 35 EXAMINATION

## I. INTRODUCTION

This matter is before the Court on Defendant First National Insurance Company's ("FNIC") motion to compel a Rule 35 physical examination of Plaintiff Michael Vario. Dkt. #25. Mr. Vario's suit stems from his involvement in a three-car accident in which one driver was underinsured. Following the accident, Mr. Vario sued, and eventually settled, his claims against the underinsured driver and the insured driver. Mr. Vario subsequently filed an underinsured motorist claim with FNIC, his underinsured motorist insurance carrier; FNIC denied Mr. Vario's claim and Mr. Vario sued FNIC. FNIC now seeks a Rule 35 physical

examination to address the issues of causation, the nature and extent of Mr. Vario's injuries, as well as Mr. Vario's current and future prognosis. *Id*. at 9.

Mr. Vario does not agree with the scope of the Rule 35 examination FNIC requests, and he argues good cause for a Rule 35 examination does not exist because he previously underwent a Rule 35 examination in his underlying tort case against the two motorists involved in the collision that allegedly injured him.[1] Dkt. #33 at 1–2. Mr. Vario reasons he will be unfairly prejudiced if FNIC can rely on two Rule 35 physical examinations to address the question of causation, and he proposes allowing a Rule 35 examination as long as FNIC's chosen Rule 35 doctor does not rely upon or consider the previous Rule 35 doctor's medical opinion. *Id*. at 2–3.

For the reasons discussed herein, Defendant's motion to compel a Rule 35 examination of Mr. Vario is GRANTED IN PART.

## II. BACKGROUND

Mr. Vario was involved in a three-car accident on Interstate 5 in Whatcom County in May 2014. Dkt. #37 ¶¶ 9–14. At the time, Mr. Vario was a passenger in his co-worker's car. *Id.* ¶ 12. The two other drivers involved in the accident were Douglas McAcy and Homadokht Fattahi. *Id*. ¶¶ 9–14. Mr. Vario alleges Mr. McAcy's car struck the car he was in after Mr. McAcy swerved to avoid hitting Ms. Fattahi's car. *Id*. ¶¶ 13–14.

Because of the collision, Mr. Vario alleges he sustained "severe physical and mental pain and suffering and injury," and general damages (which includes "impairment of enjoyment of life, disability and disfigurement"). *Id*. ¶ 15. Mr. Vario also alleges he has had to seek medical treatment, has incurred transportation expenses to attend medical appointments, has incurred lost

---

[1] Because Mr. Vario filed his Response two days late, FNIC asks the Court to strike Mr. Vario's Response as untimely. Dkt. #35 at 1–3. The Court declines to strike Mr. Vario's Response, but reminds Mr. Vario that it is his obligation to consult and comply with the Western District of Washington's Local Civil Rules.

wages, and has incurred expenses for "essential services." *Id*. Mr. Vario alleges that a proximate cause of the collision was Mr. McAcy's negligence. *Id*. ¶ 10. Mr. McAcy had a liability limit of $50,000. *Id*. ¶ 11.

After the accident, in January 2015, Mr. Vario sued Mr. McAcy and Ms. Fattahi. *See* Dkts. #1, Ex. A at ¶¶ 14, 16 and #26, Ex. A. As part of Mr. Vario's suit against Mr. McAcy and Ms. Fattahi, Mr. Vario underwent a court-ordered Rule 35 independent medical examination. *See* Dkt. #26, Ex. H. On February 17, 2016, Dr. James M. Blue, a neurosurgeon, conducted a medical evaluation of Mr. Vario's post-collision injuries and a directed neuro skeletal examination. *Id*. at 2–3. Dr. Blue opined on whether he believed Mr. Vario's injuries were caused by the May 2014 collision, on whether Mr. Vario had pre-existing conditions, and on Mr. Vario's condition and prognosis at the time of the examination. *Id*. at 13–14.

In June 2015, because Mr. Vario's co-worker's underinsured motorist ("UIM") policy includes passengers as "covered person[s]," and because Mr. McAcy's liability insurance policy limit was less than the damages Mr. Vario claims Mr. McAcy caused him, Mr. Vario filed a UIM claim with Allstate Fire & Casualty Insurance Company ("Allstate") for the damages caused by Mr. McAcy. *See* Dkts. #1, Ex. A ¶¶ 12–14 and #37 ¶¶ 3, 16. Allstate's UIM policy limit was $100,000. Dkt. #37 ¶ 19. Allstate denied Mr. Vario's UIM claim, and in November 2016, Mr. Vario sued Allstate in the Superior Court of Washington for Whatcom County. *See* Dkt. #1, Ex. A at 1. Allstate removed Mr. Vario's suit to this Court in December 2016, and FNIC was later granted leave to intervene. *See* Dkts. #1, #11 at 1, and #37 ¶¶ 3–4.

Mr. Vario's claims against Allstate were eventually settled, and Allstate, FNIC, and Mr. Vario agreed to a stipulation allowing Mr. Vario to amend his Complaint to name FNIC as a defendant while dismissing Allstate from the matter. *See* Dkts. #31 at 2–3 and #37 ¶ 5. Mr. Vario's Amended Complaint alleges Mr. McAcy caused him damages in excess of $150,000,

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL- 3

while the underinsured motorist policy issued by FNIC has a coverage limit of $500,000. Dkt. #37 ¶¶ 6, 16, 18, 19. Because the UIM claim Mr. Vario submitted to FNIC was denied, Mr. Vario brought this action to recover UIM benefits he alleges FNIC is contractually obligated to cover. *Id.* ¶¶ 20–22.

### III.     LEGAL STANDARD

If an action pending before the Court places the mental or physical condition of a party in controversy, Rule 35 of the Federal Rules of Civil Procedure allows the Court to order a party to submit to a mental or physical examination "by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). However, the Court's order "may be made only on motion for good cause and on notice to all parties and the person to be examined," and it must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2)(A)–(B). Parties requesting a Rule 35 examination therefore must meet the following two requirements before a Rule 35 examination is ordered: (1) establish that the physical or mental condition of a party is "in controversy"; and (2) establish that "good cause" for ordering an examination exists. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995).

One purpose of Rule 35 is to "'level the playing field' between parties in cases in which a party's physical or mental condition is in issue." *Id*. However, Rule 35 examinations may be denied where additional relevant information will not be gained by the examination. *See Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) ("The ability of the movant to obtain the desired information by other means is also relevant."). "Because of the intrusive nature of [Rule 35] examinations, they are not granted as a matter of right, but rather as a matter of discretion." *Muller v. City of Tacoma*, No. 14-cv-05743-RJB, 2015 WL 3793570, at *2 (W.D. Wash. June

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL- 4

18, 2015) (citing Fed. R. Civ. P. 35(a); *Coca-Cola Bottling Co. v. Negron Torres*, 255 F.2d 149 (1st Cir. 1958)).

## IV. DISCUSSION

FNIC and Mr. Vario disagree on the propriety of a Rule 35 physical examination for two reasons. First, while FNIC contends it meets the two requirements necessary to warrant a Rule 35 examination, Mr. Vario appears to oppose the scope of the Rule 35 examination requested. Second, if the Court agrees that a Rule 35 examination is proper, the parties disagree on the extent FNIC's Rule 35 doctor may rely on Dr. Blue's prior Rule 35 medical evaluation. The Court addresses each issue in turn.

### A. Propriety of a Rule 35 Examination

According to FNIC, Mr. Vario has "put the question of causation, nature and extent of his neck injury/disability, and future prognosis in controversy . . . thus warranting a current physical exam . . . to address those issues." Dkt. #25 at 9. Mr. Vario does not dispute that he has placed his physical condition in controversy, but instead appears to oppose the requested scope of FNIC's proposed Rule 35 examination. *See* Dkt. #33 at 2–3. Mr. Vario argues that FNIC fails to demonstrate "good cause" to allow its proposed Rule 35 doctor to opine, as previously opined upon by Dr. Blue, on the question of causation. *Id*. at 1–3. The Court agrees that to the extent FNIC seeks a Rule 35 examination to address what caused Mr. Vario's alleged neck injury, good cause to allow a Rule 35 examination is not established. However, the Court finds that FNIC has established good cause to allow a Rule 35 examination that addresses the current condition and future medical prognosis of Mr. Vario's physical injuries.

As an initial matter, the Court notes that FNIC has demonstrated, and Mr. Vario does not dispute, that Mr. Vario's current physical condition is in controversy. Mr. Vario's Amended Complaint evidences as much, as it alleges general and specific damages caused as a result of the

injuries he allegedly incurred as a result of Mr. McAcy's negligence. *See Schlagenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.").

FNIC also establishes good cause exists to allow a Rule 35 examination to assess Mr. Vario's current condition and future medical prognosis. The party moving for a Rule 35 examination can establish good cause by offering specific facts that justify the requested discovery. *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 165 (N.D. Cal. 2013) (citing *Haqq v. Stanford Hosp. and Clinics*, No. C 06-05444 JW (RS), 2007 WL 1593224, at *1 (N.D. Cal. June 1, 2007)). Courts have considered the following factors when determining if good cause for a Rule 35 examination exists: "(1) the possibility of obtaining the desired information by other means, (2) whether plaintiff plans to prove her claim through the testimony of expert witnesses, (3) whether the desired information is relevant, and (4) whether plaintiff is claiming an ongoing injury." *Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, Case No. C15-927RAJ, 2016 WL 231284, at *4 (W.D. Wash. Jan. 19, 2016) (citing *Lopez v. City of Imperial*, No. CIV. 13-0597-BEN WVG, 2014 WL 232271, at *3–4 (S.D. Cal. Jan. 21, 2014)). Here, FNIC demonstrates that each of these factors support allowing a Rule 35 examination to assess Mr. Vario's current condition and future physical prognosis.

First, although the record indicates that Mr. Vario has been examined by his own doctors and a prior Rule 35 independent medical examiner, the Court agrees those examinations, which are over a year old, do not provide FNIC with the information it seeks about Mr. Vario's current physical condition. Second, FNIC points out, and Mr. Vario does not dispute, that Mr. Vario intends to call at least two medical experts at trial to testify about the extent of the damages caused by his physical injuries. *See* Dkts. #25 at 9 and #33 at 1–3. Finally, Mr. Vario claims his

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL- 6

injuries, and the damages stemming from those injuries, are ongoing, thus making a medical examination relevant. Consideration of these factors thus supports finding good cause exists to allow a Rule 35 examination to assess Mr. Vario's current condition and future medical prognosis.

However, FNIC does not establish good cause exists to allow its identified Rule 35 doctor to opine on the question of causation of Mr. Vario's alleged injuries. As noted by Mr. Vario, and as supported by the record, although the question of causation is relevant, FNIC does not try to explain why it cannot rely on the opinions of Dr. Blue, the Rule 35 examining doctor who previously examined Mr. Vario, to address the question of causation. Considering that Dr. Blue has already opined on causation, FNIC has not demonstrated it cannot obtain an independent assessment on this issue by other means. The scope of the Rule 35 examination requested by FNIC will therefore be limited to an examination of Mr. Vario's current condition and future medical prognosis.

In summary, because FNIC demonstrates that Mr. Vario's current physical condition is in controversy, and because good cause exists for a medical assessment of Mr. Vario's current and ongoing physical injuries, Defendant's motion to compel is GRANTED IN PART.

### B. Propriety of Imposing Limitations on the Information Considered by FNIC's Rule 35 Doctor

Finally, the Court does not agree that Mr. Vario may impose limitations on the information FNIC's Rule 35 doctor considers or relies upon in forming his medical opinion. Mr. Vario's request for imposing limitations appears motivated by the concern that FNIC's Rule 35 doctor will opine on causation. *See* Dkt. #33 at 2–3 ("If the Court allows Dr. Kline to conduct the exam, Defendant FNIC will be allowed to have two different doctors challenging causation. The solution is to allow the Defendant to choose: have Dr. Blue perform the second examination

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL- 7

or have Dr. Kline perform the second examination, but not use or rely on Dr. Blue's first report."). However, as explained in section A., FNIC's Rule 35 doctor may not opine on the issue of causation. Additionally, even if the scope of the Rule 35 examination included causation, Mr. Vario does not cite to any authority to support the proposition that a Rule 35 doctor cannot rely on or consider the findings of prior Rule 35 examinations. Consequently, the Court will not impose limitations on the information FNIC's chosen Rule 35 doctor may consider in opining on Mr. Vario's current physical condition and future prognosis.

## V.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby GRANTS IN PART FNIC's motion to compel a Rule 35 examination (Dkt. #25). The Court hereby finds and ORDERS:

1. Mr. Vario is ordered to attend a Rule 35 examination conducted by Dr. Steven Klein, at a mutually agreeable place, on September 12, 2017 at 1:00 p.m.;

2. The scope of the physical examination is limited to an evaluation of Mr. Vario's current physical condition and future medical prognosis in light of his ongoing complaints of pain and disability; and

3. Mr. Vario may not impose limitations on the information Dr. Klein considers during the Rule 35 examination.

DATED this 26 day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL- 8